**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>HUMBERTO MAGANA ARIAS,<br>Defendant. | ) | 3:00-cr-00058-HDM-RAM<br>3:00-cr-00109-HDM-RAM<br><br>ORDER |

Before the court is *pro se* defendant Humberto Magana Arias' letter (ECF No. 286), filed on June 10, 2016, requesting relief in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

**I. Background**

On August 16, 2000, an indictment was issued in Case No. CR-N-00-109-HDM(RAM) charging the defendant with unlawful reentry by deported alien. (ECF No. 1). On August 1, 2001, a third superseding indictment was issued in Case No. CR-N-00-58-HDM(RAM) charging the defendant with conspiracy to possess with intent to distribute and to distribute methamphetamine, distribution of methamphetamine, unlawful use of a communication facility, and aiding and abetting. (ECF No.

90).On March 7, 2002, with no objection by either party, the court elected to treat Case Nos. CR-N-00-58-HDM(RAM) and CR-N-00-109-HDM(RAM) separately. (ECF No. 121). While the two cases were consolidated for the purpose of sentencing, the court issued a separate sentence and judgment for each case.

After a plea of not guilty in Case No. CR-N-00-58-HDM(RAM) , the defendant was found guilty on all counts of the third superseding indictment (ECF Nos. 97-101). On March 14, 2002, a judgment of conviction was entered and defendant was sentenced to a total term of two hundred and forty months imprisonment and ten years of supervised release. (ECF No. 124).

The defendant pleaded guilty to all counts in the indictment in Case No. CR-N-00-109-HDM(RAM). On March 15, 2002, a judgment of conviction was entered and defendant was sentenced to a total term of twenty-one months imprisonment and three years of supervised release. (ECF No. 49). This sentence was to run concurrently with the term imposed in Case No. CR-N-00-58-HDM(RAM).

**II. June 10, 2016 Letter**

On June 10, 2016, the defendant filed a letter in Case No. CR-N-00-58-HDM(RAM). Defendant states that his sentence was enhanced by his prior felony drug and crime of violence convictions, and cites the information regarding his prior convictions that the government filed on May 9, 2000. (ECF No. 19). While the government filed the information in Case No. CR-N-00-58-HDM(RAM), the defendant's prior convictions were used to enhance his sentence in Case No. CR-N-00-109-HDM(RAM). (*See* ECF No. 112 (Defendant's sentencing memorandum)). As such, the defendant argued in his sentencing memorandum that "his convictions for Possession of the Control Substance with a Firearm,

under the Influence of the Control Substance, and Discharging a Firearm in Public are convictions covered by section (C) of the new amendments to the U.S.S.G. Section 2L1.2 [Unlawful Entering or Remaining in the United States]." (ECF No. 112 at 2-3). On March 6, 2002, the court sustained the defendant's objection in Case No. CR-N-00-109-HDM(RAM) to the sixteen-level increase, and ordered that Paragraph 21 of the Presentence Investigation Report should reflect an eight-level increase under U.S.S.G. Section 2L1.2(a)(C) in lieu of sixteen levels. (ECF No. 120). As it appears that the defendant filed this letter in the wrong case, the Clerk of Court shall file the defendant's letter (ECF No. 286) in Case No. CR-N-00-109-HDM(RAM).

To the extent that defendant seeks to challenge his sentence in Case No. CR-N-00-109-HDM(RAM) based on a claim that he is entitled to federal habeas relief in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), such a motion to vacate, set aside or correct the sentence is governed by 28 U.S.C. § 2255. However, a court may not recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to do so. *Castro v. United States*, 540 U.S. 375, 382 (2003). As the Ninth Circuit explained in *United States v. Seesing*:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive U.S.C. § 2255 motion within the one-year statutory period.

234 F.3d 456, 464 (9th Cir. 2000).

Here, defendant's letter, liberally construed, could be characterized as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. As required under *Castro* and *Seesing*, the court will provide the defendant an opportunity to clarify whether he seeks relief pursuant to § 2255 and provide him notice of the potential adverse consequences of treating the request as a § 2255 motion. Specifically, if the court were to treat the request as a § 2255 motion, the defendant will be subject to the restrictions on "second or successive" motions. *Castro*, 540 U.S. at 383. Where the defendant has previously filed a § 2255 petition, a second or successive § 2255 petition cannot be considered by the district court absent a certificate from the Court of Appeals authorizing it to do so. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244; *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011).

**III. Conclusion**

The Clerk of Court shall file the defendant's letter (ECF No. 286) in Case No. CR-N-00-109-HDM(RAM).

No later than September 15, 2016, the defendant must either (1) consent to having his letter construed as a § 2255 motion, or (2) file a § 2255 motion, if he chooses not to consent to recharacterizing his request as a § 2255 motion.

IT IS SO ORDERED.

DATED: This 26th day of July, 2016.

Howard D McKibben

UNITED STATES DISTRICT JUDGE